**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP **1 4** 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EQUAL EMPLOYMENT OPPORTUNITY     )
COMMISSION,                      )
                                 )
                                 )     CIVIL ACTION NO. 4:20-cv-1099-LPR
         Plaintiff,              )
                                 )     **C O M P L A I N T**
     v.                          )
                                 )     **JURY TRIAL DEMAND**
                                 )
THE KROGER COMPANY d/b/a KROGER  )
STORE NO. 625,                   )
                                 )     This case assigned to District Judge Rudofsky
         Defendant.              )     and to Magistrate Judge Harris

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Brenda C. Lawson (Lawson) and Trudy K. Rickerd (Rickerd). As alleged with greater particularity in the paragraphs below, The Kroger Company d/b/a Kroger Store No. 625, (Defendant Employer), refused to accommodate the religious beliefs of Lawson and Rickerd, and disciplined and terminated them because of their religious beliefs and in retaliation for requesting a religious accommodation.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Central Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Employer has continuously been doing business in the State of Arkansas and the City of Conway and has continuously had at least 15 employees. Defendant Employer has multiple locations throughout the United States.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCESS

6.      More than thirty days prior to the institution of this lawsuit, Lawson and Rickerd filed charges with the Commission alleging violations of Title VII by Defendant Employer.

7.      On April 29, 2020, the Commission issued to Defendant Employer Letters of Determination finding reasonable cause to believe that Defendant Employer violated Title VII and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory employment practices and provide appropriate relief.

2

8.     The Commission engaged in communications with Defendant Employer to provide the Defendant Employer the opportunity to remedy the discriminatory practices described in the Letters of Determination.

9.     The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10.     On July 21, 2020, the Commission issued to Defendant Employer Notices of Failure of Conciliation.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS OF BRENDA LAWSON

### FAILURE TO PROVIDE A RELIGIOUS ACCOMMODATION

12.     Since at least April 2019, Defendant Employer has engaged in unlawful employment practices at its Conway, Arkansas location in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a).

13.     The unlawful practices include failing to accommodate the sincerely held religious belief of Lawson.

a.     Lawson began her employment with Defendant Employer in August of 2011 in the deli department where she worked until her termination on or around June 1, 2019.

b.     Lawson believes in the literal interpretation of the Bible. Lawson holds a sincerely held religious belief that homosexuality is a sin.

c.     On or about April 2019, Defendant Employer instituted changes to its dress code, one of which required all employees to wear a new apron with a new logo, a rainbow heart embroidered on the top left portion of the bib.

d.     Lawson has a good faith belief that the new logo represented support for and

3

endorsement of the LGBTQ community.

     e.     Although Lawson personally holds no animosity toward the individuals who comprise the LGBTQ community, the practices of that community violate her sincerely held religious belief. Lawson believed wearing the logo showed her advocacy of the community, which she could not do.

     f.     On multiple occasions Lawson approached the store manager and orally requested to wear her name tag over the heart logo as an accommodation to her sincerely held religious belief.

     g.     On or about May 4, and May 29, 2019, Lawson provided a written request to Defendant Employer's human resources person to cover the logo with her name tag as an accommodation to her sincerely held religious beliefs

     h.     Lawson either refused to wear the apron at all or wore the apron with her name tag over the logo.

     i.     Rather than grant Lawson's accommodation request, Defendant Employer repeatedly disciplined Lawson for violating its dress code.

     j.     Defendant Employer discharged Lawson, then age 72, on June 1, 2019, for repeated violations of its dress code.

     14.     The effect of the practices complained of in Paragraph 13a-j above has been to deprive Lawson of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

     15.     The unlawful employment practices complained of in Paragraph 13a-j above were and are intentional.

4

16.    The unlawful employment practices complained of in Paragraph 13a-j above were and are done with malice or with reckless indifference to the federally protected rights of Lawson.

## DISCIPLINE AND DISCHARGE CLAIMS OF BRENDA LAWSON

17.    Since at least April 2019, Defendant Employer has engaged in unlawful employment practices at its Conway, Arkansas location in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a).

18.    The unlawful employment practices include disciplining and discharging Lawson because of her refusal to comply with Defendant Employer's dress code by wearing an apron that violated her sincerely held religious belief.

19.    The Commission incorporates by reference Paragraph 13a-j.

a.    Lawson met with Defendant Employer's store manager to seek a reasonable accommodation for her sincerely held religious belief and provided a handwritten request for a reasonable accommodation on May 4, 2019.

b.    Lawson explained her sincerely held religious belief against wearing the apron which she believed depicted the symbol of LGBT.

c.    Lawson repeated this belief to Defendant Employer's human resources manager.

d.    Defendant Employer's representatives ignored Lawson's requests for a religious accommodation.

e.    Defendant Employer representatives disciplined Lawson on several occasions.

f.    Defendant Employer suspended Lawson due to her refusal to wear the apron with what Lawson believed to be the LGBTQ symbol.

g.    On or about May 24, 2019, Lawson gave Maxwell a second handwritten note

stating, "I am requesting a reasonable accommodation of this dress code with regard to my religious belief....I am simply asking to wear my name badge over the heart logo."

      h.     Defendant Employer refused to consider Lawson's request for a religious accommodation for her sincerely held religious belief.

      i.     Defendant Employer continued to discipline Lawson for her failure to follow the dress code by wearing the apron that was contrary to her sincerely held religious belief.

      j.     On June 1, 2019, Defendant Employer discharged Lawson for her failure to comply with the dress code, i.e. wearing the apron in violation of her sincerely held religious belief.

      20.     The effect of the practices complained of in Paragraph 19a-j above has been to deprive Lawson of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

      21.     The unlawful employment practices complained of in Paragraph 19a-j above were and are intentional.

      22.     The unlawful employment practices complained of in Paragraph 19a-j above were and are done with malice or with reckless indifference to the federally protected rights of Lawson.

## RETALIATION CLAIM OF BRENDA LAWSON

      23.     Since at least April 2019, Defendant Employer repeatedly disciplined and discharged Lawson for refusing to comply with a dress code that violated her sincerely held religious beliefs in violation of section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

24.     The unlawful practice includes disciplining and discharging Lawson for her verbal and written requests for a reasonable accommodation for her sincerely held religious belief.

25.     The Commission incorporates by reference herein Paragraphs 13a-j and 19a-j.

a.      Each time Lawson verbally or in writing requested a reasonable accommodation for her sincerely held religious belief, Defendant Employer disciplined Lawson.

b.      Defendant Employer did not discipline other employees in the workplace who did not request a religious accommodation but who simply declined to wear the new apron or who covered the heart logo, in violation of Defendant Employer's dress code.

c.      Defendant Employer treated the employees who did not wear the apron or who covered the heart logo more favorable than Lawson.

d.      Defendant Employer did not discharge other employees in the workplace who did not request a religious accommodation but who simply declined to wear the new apron or who covered the heart logo, in violation of Defendant Employer's dress code.

e.      Defendant Employer disciplined and discharged Lawson for requesting a religious accommodation for her sincerely held religious belief.

26.     The effect of the practices complained of in Paragraphs 25a-e above has been to deprive Lawson of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices she reasonably believed violated Title VII.

27.     The unlawful employment practices complained of in Paragraph 25a-e above were and are intentional.

7

28.     The unlawful employment practices complained of in Paragraph 25a-e above were and are done with malice or with reckless indifference to the federally protected rights of Lawson.

## STATEMENT OF CLAIMS OF TRUDY RICKERD

### FAILURE TO PROVIDE A RELIGIOUS ACCOMMODATION

29.     Since at least April 2019, Defendant Employer has engaged in unlawful employment practices at its Conway, Arkansas location in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a).

30.     The unlawful practices include failing to accommodate the sincerely held religious beliefs of Rickerd.

a.     Rickerd began her employment with Defendant Employer in October 2006 as a cashier and file maintenance clerk, and she worked in these positions until her termination on May 29, 2019.

b.     Rickerd believes in the literal interpretation of the Bible. Rickerd holds a sincerely held religious belief that homosexuality is a sin.

c.     On or about April 2019, Defendant Employer instituted changes to its dress code, one of which required all employees to wear a new apron with a new logo, a rainbow heart embroidered on the top left portion of the bib.

d.     Rickerd has a good faith belief that the new logo represented support for and endorsement of the LGBTQ community.

e.     Although Rickerd holds no personal animosity toward the individuals who comprise the LGBTQ community, the practices of that community violate her sincerely held religious belief. Rickerd believed wearing the logo showed her advocacy of the community,

which she could not do.

     f.     On multiple occasions Rickerd approached the store manager and orally requested to wear another apron as an accommodation to her sincerely held religious beliefs.

     g.     On or about May 3, 2019, Rickerd provided Defendant Employer with a written request to wear an apron without the heart logo as an accommodation to her sincerely held religious beliefs.

     h.     The signed hand-written letter stated, in part, "I have a sincerely held religious belief that I cannot wear a symbol that promotes or endorses something that is in violation of my religious faith…I respect others who have a different opinion and am happy to work alongside others who desire to wear the symbol.  I am happy to buy another apron to ensure there is no financial hardship on Kroger."

     i.     Rickerd refused to wear the apron because she sincerely believed the apron violated her religious beliefs.

     j.     Rather than grant Rickerd's accommodation request, Defendant Employer repeatedly disciplined Rickerd for violating its dress code.

     k.     Defendant Employer discharged Rickerd, then age 57, on May 29, 2019, for repeated violations of its dress code.

     31.     The effect of the practices complained of in Paragraph 30a-k above has been to deprive Rickerd of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

     32.     The unlawful employment practices complained of in Paragraph 30a-k above were and are intentional.

33.     The unlawful employment practices complained of in Paragraph 30a-k above were and are done with malice or with reckless indifference to the federally protected rights of Rickerd.

## DISCIPLINE AND DISCHARGE CLAIM OF RICKERD

34.     Since at least April 2019, Defendant Employer has engaged in unlawful employment practices at its Conway, Arkansas location in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a).

35.     The unlawful employment practices include disciplining and discharging Rickerd because of her refusal to comply with Defendant Employer's dress code by wearing an apron that violated her sincerely held religious belief.

36.     The Commission incorporates by reference, Paragraph 30a-k.

a.     Rickerd met with Defendant Employer's store manager to seek a reasonable accommodation for her sincerely held religious belief.

b.     Rickerd explained her sincerely held religious belief against wearing the apron which she believed depicted the symbol of LGBT.

c.     Rickerd repeated this belief to Defendant Employer's human resources manager.

d.     Defendant Employer's representatives ignored Rickerd's requests for a religious accommodation.

e.     Defendant Employer's representatives disciplined Rickerd on several occasions.

f.     Defendant Employer suspended Rickerd due to her refusal to wear the apron with what Rickerd believed to be the LGBTQ symbol.

g.     Defendant Employer refused to consider Rickerd's request for a religious accommodation for her sincerely held religious belief.

10

h.      Defendant Employer continued to discipline Rickerd for her failure to follow the dress code by wearing the apron in violation of her sincerely held religious belief.

i.      On May 29, 2019, Defendant Employer discharged Rickerd for her failure to comply with the dress code, i.e. wearing the apron in violation of her sincerely held religious belief.

37.      The effect of the practices complained of in Paragraph 36a-i above has been to deprive Rickerd of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

38.      The unlawful employment practices complained of in Paragraphs 36a-i above were and are intentional.

39.      The unlawful employment practices complained of in Paragraph 36a-i above were and are done with malice or with reckless indifference to the federally protected rights of Rickerd.

## RETALIATION CLAIM OF TRUDY RICKERD

40.      Since at least April 2019, Defendant Employer repeatedly disciplined and discharged Rickerd for refusing to comply with a dress code that violated her sincerely held religious beliefs in violation of section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

41.      The unlawful practice includes disciplining and discharging Rickerd for her verbal and written requests for a reasonable accommodation for her sincerely held religious belief.

42.      The Commission incorporates by reference herein Paragraphs 30a-k and 36a-i.

a.      Each time Rickerd verbally or in writing requested a reasonable accommodation for her sincerely held religious belief, Defendant Employer disciplined Rickerd.

11

b.      Defendant Employer did not discipline other employees in the workplace who did not request a religious accommodation but who simply declined to wear the new apron or who covered the heart logo, in violation of Defendant Employer's dress code.

c.      Defendant Employer treated the employees who did not wear the apron or who covered the heart logo more favorably than Rickerd.

d.      Defendant Employer did not discharge other employees in the workplace who did not request a religious accommodation but who simply declined to wear the new apron or who covered the heart logo, in violation of Defendant Employer's dress code.

e.      Defendant Employer disciplined and discharged Rickerd for requesting a religious accommodation for her sincerely held religious belief.

43.     The effect of the practices complained of in Paragraphs 42a-e above has been to deprive Lawson of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices she reasonably believed violated Title VII.

44.     The unlawful employment practices complained of in Paragraph 42a-e above were and are intentional.

45.     The unlawful employment practices complained of in Paragraphs 42a-e above were and are done with malice or with reckless indifference to the federally protected rights of Rickerd.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from failing to accommodate the sincerely held religious beliefs of its employees.

12

B.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from retaliating against employees who request accommodations for their sincerely held religious beliefs.

C.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Lawson and Rickerd and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Employer to make whole Lawson and Rickerd by providing appropriate backpay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to restatement or alternatively awarding them front pay.

E.      Order Defendant Employer to make whole Lawson and Rickerd by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the Paragraphs above, including relocating expenses and job search expenses, in amounts to be determined at trial.

F.      Order Defendant Employer to make whole Lawson and Rickerd by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in the Paragraphs above, including emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

G.      Order Defendant Employer to pay Lawson and Rickerd punitive damages for its malicious and reckless conduct, as described in the Paragraphs above, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public

interest.

I.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**SHARON FAST GUSTAFSON**
General Counsel

**ROBERT A. CANINO**
Acting Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by TBD*

**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

*Timothy Bowne by TBD*

**TIMOTHY BOWNE**
Supervisory Trial Attorney
Texas Bar No. 00793371

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, TN  38104
(901) 544-0088

*Pamla B. Dixon*

**PAMELA B. DIXON**
Senior Trial Attorney
Arkansas Bar No. 95085

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Little Rock Area Office
820 Louisiana Street, Ste. 200
Little Rock, AR  72201
(501) 324-5065
pamela.dixon@eeoc.gov