# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

|  |  |  |
|---|---|---|
| | : | |
| EQUAL EMPLOYMENT OPPORTUNITY | : | |
| COMMISSION, | : | |
| | : | Civil Action No. 4:20-cv-1099-LPR |
| | : | |
| **Plaintiff,** | : | **THE KROGER COMPANY dba** |
| v. | : | **KROGER STORE NO. 625 ANSWER** |
| THE KROGER COMPANY dba KROGER | : | **TO INTERVENOR PLAINTIFFS'** |
| STORE NO. 625 | : | **COMPLAINT** |
| | : | |
| **Defendant.** | : | |
| | : | |
| BRENDA LAWSON and | : | |
| TRUDI RICKERD | | |
| Intervenors | | |

Defendant, The Kroger Company dba Kroger Store No. 625 ("Kroger") by and through its counsel, for its Answer to the Complaint of Intervenor Plaintiffs Brenda Lawson and Trudy Rickerd ("Plaintiffs"), states as follows:

## JURISDICTION AND VENUE

1.      The allegations contained in Paragraph 1 of the Complaint of Intervenor Plaintiffs ("Complaint") are legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Kroger admits that this Court has jurisdiction over this action. Kroger states that Plaintiffs do not have a legitimate cause of action against it and are not entitled to any relief.

2.      The allegations contained in Paragraph 2 of Plaintiffs' Complaint are legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Kroger admits that the venue is proper.  Kroger denies the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

## PARTIES

3.      The allegations in the Paragraph 3 of Plaintiffs' Complaint are legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Kroger admits that the Equal Employment Opportunity Commission ("EEOC") is a federal agency tasked with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964 ("Title VII"). Kroger states that Plaintiffs do not have a legitimate cause of action against it and are not entitled to relief. Kroger denies the remaining allegations in Paragraph 3 of Plaintiffs' complaint.

4.      Kroger admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.      The allegations in the Paragraph 5 of Plaintiffs' Complaint are legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Kroger admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.       Kroger denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

## PROCEDURAL HISTORY

7.      Kroger admits the allegations that more than thirty days prior to the institution of this lawsuit, Brenda Lawson ("Lawson") and Trudy Rickerd ("Rickerd") filed charges with the EEOC wrongfully alleging violations of Title VII. Kroger denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Kroger admits that the EEOC wrongfully issued a reasonable cause determination finding that Kroger violated Title VII on April 29, 2020. Kroger denies the remaining allegations in Paragraph 8 of Plaintiffs' Complaint.

9.       Kroger denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

## KROGER'S FAILURE TO ACCOMMODATE INDIVIDUAL FREEDOM OF EXPRESSION

10.      Kroger denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.     Kroger denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     Kroger denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Kroger denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Kroger denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Kroger denies each and every allegation not specifically admitted.

### PRAYER FOR RELIEF

16.     Kroger denies the allegations contained in the PRAYER FOR RELIEF section of Plaintiffs' Complaint, including subsections A-F, and denies that Plaintiffs are entitled to any relief.

### DEFENSES AND AFFIRMATIVE DEFENSES

17.     Plaintiffs' Complaint and each of their purported causes of action fail to state facts sufficient to constitute a cause or causes of action against Kroger.

18.     One or more of Plaintiffs' claims and/or allegations are barred by the applicable statute of limitations.

19.     Plaintiffs' Complaint and each of their purported causes of action are barred either in whole or in part by Plaintiffs' failure to mitigate their alleged damages.

20.     Plaintiffs' Complaint and each of their purported causes of action are barred either in whole or in part by the doctrines of waiver, consent, estoppel, unclean hands, and other equitable bases.

21.     Plaintiffs' alleged damages are speculative and thus unavailable as a matter of law.

22.     Plaintiffs' Complaint fails to state sufficient facts upon which an award of punitive damages can be based and therefore such an award would violate the United States and Arkansas law and public policy.

23.     Plaintiffs' claims are barred in whole or in part by their own bad faith conduct.

24.     Plaintiffs' claims are subject to offset.

25.     Plaintiffs' Complaint is barred, in whole or part, because the relief sought exceeds that authorized by law.

26.     Plaintiffs lack a good faith basis for their claims, in whole or in part, entitling Kroger to attorneys' fees, costs and expenses incurred defending this action.

27.     Plaintiffs have suffered no damages as a result of the alleged conduct of Kroger. Any alleged damages suffered by Plaintiffs are the result of their own conduct or omissions.

28.     Plaintiffs lack standing to assert one or more of their claims.

29.     Plaintiffs' Complaint is barred, in whole or in part, because each action taken by Kroger with regard to Plaintiffs was based on legitimate, non-discriminatory and non-retaliatory reasons.

30.     To the extent Plaintiffs suffered harassment or improper treatment, if any, Kroger exercised reasonable care to prevent and timely correct any such behavior, and Plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by Kroger, or failed to avoid harm otherwise.

31.     To the extent there were complaints about alleged failure to accommodate a religious belief, alleged discrimination, alleged harassment, or improper treatment, all actions taken by Kroger were timely and appropriate and constituted prompt, effective remedial measures under the circumstances, and these actions by Kroger bar or preclude the Plaintiffs' claims.

32.     To the extent there were complaints about alleged failure to accommodate a religious belief, alleged discrimination, alleged harassment, or improper treatment, all actions taken by Kroger were timely and appropriate and constituted prompt, effective remedial measures under the circumstances, and these actions by Kroger bar or preclude the Plaintiffs' claims.

33.     Plaintiffs have failed to exhaust the grievance and arbitration procedures.

34.     The EEOC failed to engage in a good faith attempt at conciliation.

35.     Kroger presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Kroger reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE,** having fully responded to Plaintiffs' Complaint, Kroger respectfully requests the following:

1.      That the Plaintiffs' Complaint be dismissed in its entirety with prejudice;

2.      That the Court enter a judgment in favor of Kroger, and direct the Plaintiffs recover nothing;

3.      That Kroger be awarded its costs and expenses, including attorneys' fees, if appropriate; and

4.       Any and other relief to which Kroger may now or hereafter be entitled.

Respectfully submitted,

Cynthia W. Kolb, AB#2000156
ckolb@cgwg.com
CROSS, GUNTER, WITHERSPOON &
GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone:   501-371-9999 / Fax:   501-371-
0035

ATTORNEY FOR DEFENDANT THE
KROGER COMPANY d/b/a KROGER
STORE 625

OF COUNSEL AND SEEKING
GENERAL ADMISSION:

Faith C. Whittaker
Hayley L. Geiler
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
T:  (513) 977-8200
F: (513) 977-8141
Faith.whittaker@dinsmore.com
hayley.geiler@dinsmore.com

253716