**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | **PLAINTIFF** |
| **BRENDA LAWSON AND TRUDY RICKARD** | **PLAINTIFF INTERVENORS** |
| v.   CASE NO. 4:20-CV-01099 LPR | |
| **KROGER COMPANY,** | **DEFENDANT** |

**FINAL SCHEDULING ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1.    TRIAL DATE**

This case is scheduled for a **JURY TRIAL** before Judge Lee P. Rudofsky commencing at **9:30 a.m.** sometime during the week of **March 14, 2022**, in 2A, Richard Sheppard Arnold United States Courthouse, 500 West Capitol, Little Rock, Arkansas 72201. The case will be tried to a twelve (12) member jury, unless the parties stipulate to a jury of six (6) members. Counsel are directed to file by **March 9, 2022**, a statement indicating whether they agree to a six (6) member jury. If counsel wish to bring electronic devices to the courthouse for any proceeding, please note General Order No. 54.

**2.    DISCOVERY**

Discovery should be completed no later than **October 15, 2021**. All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response. The parties may conduct discovery beyond this date if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery. Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances. The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.

A discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute. Upon the filing of such motion, a response should be filed promptly. A conference call will be scheduled to resolve such matters if the Court deems it necessary.

**3.    EXPERT DISCLOSURES AND REPORTS**

Case-in-chief expert disclosures, including reports, must be made by **August 16, 2021**. Rebuttal expert disclosures, including reports, must be made by **September 15, 2021**. These disclosures must be in writing, signed, and served. They are not filed in the Clerk's Office.

4. **ADDITION OF PARTIES/AMENDMENT OF PLEADINGS**

Leave to add parties or amend pleadings must be sought no later than **June 14, 2021**. Local Rule 5.5(e) requires a party to attach the proposed amended pleading to the motion. Please make this attachment a redline or comparison copy showing all proposed changes. Counsel should confer about proposed amendments. State in the motion to amend whether the change is agreed or opposed.

5. **PROTECTIVE ORDERS**

Before filing a motion for approval, counsel should email a draft order in Word to chambers for review. Alert the law clerk on the case to the draft's submission. Avoid legalese. Short, plain orders are better than long, complicated ones. Incorporate Fed. R. Civ. P. 5.2's mandate for redaction if practicable before any filing under seal. The order should remain in effect no longer than one year after litigation ends, not in perpetuity. Incorporate the procedure for discovery disputes, see *infra*, to cover disputes about whether a document is confidential.

6. **STATUS REPORT**

A status report must be filed with the Clerk's office on or before **November 15, 2021**. The report must include the date and results of any settlement conference, the settlement prospects, and an estimate of the length of trial.

7. **MOTION DEADLINE**

All motions, except motions in limine, must be filed on or before **November 15, 2021**. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1. In addition, parties are directed to submit a courtesy copy of the motion for summary judgment, responses, replies, and supporting briefs and exhibits to chambers. Motions in limine must be filed on or before **March 4, 2022**, and responses must be filed five (5) calendar days thereafter. Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) provides: "Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities. A party moving for summary judgment will have seven (7) days to file a reply in further support of the motion. A party seeking relief under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 may file a reply within seven (7) days of the response. For cause shown, the Court may by order shorten or lengthen the time for the filing of responses and replies. Fed. R. Civ. P. 6, including subparagraph 6(d), determines how the days are counted under this local rule, unless the Court specifies otherwise." The Court may or may not wait on the filing of a reply before ruling on the motion. No surresponse or surreply will be permitted, absent express direction of the Court.

8. **FORMAT OF SUMMARY JUDGMENT STATEMENT OF FACTS**

In opposing a motion for summary judgment, the non-moving party shall format his or her statement of disputed (and undisputed) material facts pursuant to Local Rule 56.1. The non-moving/opposing party shall respond paragraph by paragraph to the statement of undisputed material facts submitted by the moving party. The responsive portion of the non-moving opposing party's statement shall repeat the statement verbatim as set forth in the moving party's statement and respond to it by admitting the statement or pointing out that portion of the statement, if any, he or she disputes. The non-moving/opposing party will state with particularity that portion of the allegation denied, citing to any evidentiary support for the denial. For example:

Moving Party: 1. Plaintiff began working for Defendant Employer on March 1, 2016.

Response:  1. Plaintiff admits that Plaintiff began working for Defendant Employer on March 1, 2016.

9. **PRETRIAL DISCLOSURE SHEET [FED.R.CIV.P. 26(a)(3)]**

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 with copies to the Courtroom Deputy, Heather Clark, and opposing counsel no later than **February 11, 2022**. The Court's requirement that witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

10. **DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **February 11, 2022**. Counter-designations must be made by **February 22, 2022**. Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **February 25, 2022**, with the response due **March 1, 2022**. Depositions to be read at trial must be marked as exhibits.

11. **JURY INSTRUCTIONS AND STATEMENT OF CASE**

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court on or before **March 4, 2022**. Focus on and submit only elements instructions, citing models and authority; the Court will use standard introductory and closing instructions. Standard instructions from AMI, Eighth Circuit or Federal Jury Practice and Instructions (Latest Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction. A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and to opposing counsel, setting out the disagreement by the same date. Instructions must be submitted in Word format electronically to lprchambers@ared.uscourts.gov.

By the date set out in the preceding paragraph, each party must submit to the Court a concise statement of the case of no more than one page in length, that the party proposes would be proper to read to the panel of venire persons during voir dire, and also any proposed voir dire questions the party wishes the Court to pose to the panel.

**12.    STIPULATIONS**

The parties should stipulate in writing to the facts not in controversy on or before **March 9, 2022**.

**13.    CONFLICTS OF INTEREST**

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

**14.    COURTROOM TECHNOLOGY**

Before any pre-trial hearing, and as soon as practicable before any other hearing or trial, counsel should contact Heather Clark, Courtroom Deputy, at 501-604-5164, or heather_clark@ared.uscourts.gov about technology needs. She will coordinate with the Court's IT department. Any plan for use of non-Court technology must be approved by the IT department.

**15.    PRE-TRIAL HEARING**

The pre-trial hearing will be set by separate notice. We will address motions in limine, deposition excerpts for use at trial, jury instructions, trial architecture, exhibits, and voir dire.

Please communicate with Heather Clark, Courtroom Deputy, at 501-604-5164, or heather_clark@ared.uscourts.gov, to ascertain your position on the calendar as the trial date approaches. In the event of settlement, advise Mrs. Clark immediately. The case will not be removed from the trial docket until an order of dismissal has been entered.

                                      **AT THE DIRECTION OF THE COURT**
                                      **JAMES W. McCORMACK, CLERK**

                                  **By:   Heather Clark**
                                        Courtroom Deputy to
                                        Judge Lee P. Rudofsky

                                        February 12, 2021