## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| | : | Civil Action No. 4:20-cv-1099-LPR |
| | : | |
| **Plaintiff,** | : | **THE KROGER COMPANY dba** |
| v. | : | **KROGER STORE NO. 625 ANSWER** |
| | : | **TO PLAINTIFF'S AMENDED** |
| KROGER LIMITED PARTNERSHIP I d/b/a | : | **COMPLAINT** |
| KROGER STORE NO. 625, | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

Defendant Kroger Limited Partnership I ("Kroger" or "Defendant"), by and through its counsel, for its Amended Answer to Plaintiff Equal Employment Opportunity Commission's Amended Complaint ("Plaintiff's Amended Complaint"), states as follows:

### NATURE OF THE ACTION

Kroger denies the allegations contained within the NATURE OF THE ACTION section of Plaintiff's Amended Complaint. Kroger did not discriminate, retaliate or fail to accommodate Brenda C. Lawson's ("Lawson") or Trudy K. Rickerd's ("Rickerd") religious beliefs and Plaintiff, Lawson, and Rickerd are not entitled to any relief.

### JURISDICTION AND PARTIES

1.    The allegations in Paragraph 1 of Plaintiff's Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Kroger admits that this Court has jurisdiction over this action. Kroger states that Plaintiff does not have a legitimate cause of action against it and is not entitled to any relief.

2.      The allegations in Paragraph 2 of Plaintiff's Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Kroger admits that the venue is proper.  Kroger denies the remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

## PARTIES

3.      The allegations in Paragraph 3 of Plaintiff's Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Kroger admits that the Equal Employment Opportunity Commission ("EEOC") is a federal agency tasked with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964 ("Title VII"). Kroger states that Plaintiff does not have a legitimate cause of action against it and is not entitled to relief. Kroger denies the remaining allegations in Paragraph 3 of Plaintiff's Amended Complaint.

4.      Kroger admits the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5.      The allegations in Paragraph 5 of Plaintiff's Amended Complaint are legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Kroger admits the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

## ADMINISTRATIVE PROCESS

6.      Kroger admits the allegations that more than thirty days prior to the institution of this lawsuit, Lawson and Rickerd filed charges with the EEOC wrongfully alleging violations of Title VII.  Kroger denies the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

2

7.      Kroger admits that the EEOC wrongfully issued a reasonable cause determination finding that Kroger violated Title VII on April 29, 2020. Kroger admits that the parties attempted to engage in conciliation, but Kroger asserts that the EEOC's participation was not made in good faith. Kroger denies the remaining allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8.      Kroger denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9.      Kroger admits that the Parties were unable to reach a conciliation agreement. Kroger denies the remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10.     Kroger admits the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.     Kroger denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

## STATEMENT OF CLAIMS OF BRENDA LAWSON
## FAILURE TO PROVIDE A RELIGIOUS ACCOMMODATION

12.     Kroger denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.     Kroger denies the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

    a.   Kroger admits that it employed Lawson as a Deli Clerk from September of 2011 to June 1, 2019. Kroger denies the remaining allegations contained in Paragraph 13(a) of Plaintiff's Amended Complaint.

    b.   Kroger is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 13(b) of Plaintiff's Amended Complaint and therefore denies the claims located therein. Kroger is an Equal Opportunity

3

Employer and does not tolerate discrimination or harassment against employees or customers on the basis of sex, gender, sexual identity, sexual orientation or any other protected characteristic.

c.  Kroger denies the allegations contained in Paragraph 13(c) of Plaintiff's Amended Complaint. In recent years, Kroger debuted a new marketing campaign, including a new logo, symbol, slogan, brand color pallet, advertising campaign, and brand identity. The new symbol was designed to represent "Kroger's Promise," and is four layered heart meant to portray a blue heart within a yellow heart, within a red heart, within a light blue heart. *See* Exhibits A-B. As a result of the marketing campaign, in April of 2019, Kroger revised its dress code to require store associates to wear an apron, which displayed Kroger's Promise symbol on the upper left-hand corner. Exhibit A. Notably, the symbol is not a rainbow and only encompasses four colors. *Id.* The blue background symbolizes Kroger's commitment to friendly and caring service. Exhibit B. The yellow heart symbolizes Kroger's commitment to providing fresh goods to customers. *Id.* The red heart symbolizes Kroger's commitment to uplift in every way. *Id.* The light blue heart symbolizes Kroger's commitment to improving every day. *Id.* Kroger has the right to enact and enforce a uniform policy, which displays its non-religious Promise branding symbol.

d.  Kroger denies the allegations contained in Paragraph 13(d) of Plaintiff's Amended Complaint. Kroger has not used the Promise symbol to endorse, advocate for, or promote the LGBTQ+ community. In fact, Kroger has a specific Kroger PRIDE logo, which is used to display support or advocacy for

4

diversity and inclusion of LGBTQ+ workers. As explained above, Kroger's Promise symbol symbolizes Kroger's commitment to providing friendly and caring service, fresh goods to customers, uplifting service, and improving every day.

e. Kroger denies the allegations contained in Paragraph 13(e) of Plaintiff's Amended Complaint. Kroger denies the allegations contained in Paragraph 13(c) of Plaintiff's Amended Complaint. In recent years, Kroger debuted a new marketing campaign, including a new logo, symbol, slogan, brand color pallet, advertising campaign, and brand identity. The new symbol was designed to represent "Kroger's Promise," and is a four layered heart meant to portray a blue heart within a yellow heart, within a red heart, within a light blue heart. *See* Exhibits A-B. As a result of the marketing campaign, in April of 2019, Kroger revised its dress code to require store associates to wear an apron, which displayed Kroger's Promise symbol on the upper left-hand corner. Exhibit A. Notably, the symbol is not a rainbow and only encompasses four colors. *Id.* The blue background symbolizes Kroger's commitment to friendly and caring service. Exhibit B. The yellow heart symbolizes Kroger's commitment to providing fresh goods to customers. *Id.* The red heart symbolizes Kroger's commitment to uplift in every way. *Id.* The light blue heart symbolizes Kroger's commitment to improving every day. *Id.* Kroger has the right to enact and enforce a uniform policy, which displays its non-religious Promise branding symbol.

f.  Kroger admits that Lawson requested to wear her name tag over the Kroger's symbol as an alleged accommodation for her belief that homosexuality is a sin. Kroger denies the remaining allegations contained in Paragraph 13(f) of Plaintiff's Amended Complaint.

g.  Kroger admits that Lawson issued a written request to Store Manager Sean Maxwell to wear her name tag over the Kroger symbol. Kroger denies the remaining allegations contained in Paragraph 13(g) of Plaintiff's Amended Complaint.

h.  Kroger admits that Lawson violated the uniform policy on numerous occasions. Kroger denies the remaining allegations contained in Paragraph 13(h) of Plaintiff's Amended Complaint.

i.  Kroger admits that Lawson was issued oral counseling and progressive discipline in accordance with its established policies and practices for repeatedly violating Kroger's nondiscriminatory uniform policy. Kroger further admits that it respects and protects the rights of all employees to practice their religious beliefs and creeds, and does not require employees to wear, display, promote or endorse the LGBTQ+ community. Kroger denies the remaining allegations contained in Paragraph 13(i) of Plaintiff's Amended Complaint.

j.  Kroger admits it separated Lawson on June 1, 2019 for repeated insubordination and failure to comply with the uniform policy. Kroger denies the remaining allegations contained in Paragraph 13(j) of Plaintiff's Amended Complaint.

14.  Kroger denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint.

15.    Kroger denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

16.    Kroger denies the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint.

### DISCIPLINE AND DISCHARGE CLAIMS OF BRENDA LAWSON

17.    Kroger denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.    Kroger denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19.    Kroger incorporates its responses to Paragraphs 13(a)-(j) by reference.

    a.    Kroger admits that Lawson met with her store manager and filed a handwritten request to be exempt from the uniform requirement. Kroger denies the remaining allegations contained in Paragraph 19(a) of Plaintiff's Amended Complaint.

    b.    Kroger admits that Lawson communicated her belief that the LGBTQ+ community was inherently sinful. Kroger denies the remaining allegations contained in Paragraph 19(b) of Plaintiff's Amended Complaint.

    c.    Kroger admits that Lawson reported her belief that the LGBTQ+ community was inherently sinful to the District Human Resources Manager. Kroger denies the remaining allegations contained in Paragraph 19(c) of Plaintiff's Amended Complaint.

    d.    Kroger denies the allegations contained in Paragraph 19(d) of Plaintiff's Amended Complaint. Kroger respects and protects the rights of all employees

to practice their religious beliefs and creeds, and does not require employees to wear, display, promote or endorse the LGBTQ+ community.

e.   Kroger admits that Lawson was issued oral counseling and progressive discipline for repeatedly violating Kroger's nondiscriminatory uniform policy. Kroger denies the remaining allegations contained in Paragraph 19(e) of Plaintiff's Amended Complaint.

f.   Kroger admits that Lawson was suspended in accordance with its established policies and practices after repeated refusals to follow the uniform policy. Kroger denies the remaining allegations contained in Paragraph 19(f) of Plaintiff's Amended Complaint.

g.   Kroger admits that allegations contained in Paragraph 19(g) of Plaintiff's Amended Complaint.

h.   Kroger denies the allegations contained in Paragraph 19(h) of Plaintiff's Amended Complaint.

i.   Kroger denies the allegations contained in Paragraph 19(i) of Plaintiff's Amended Complaint.

j.   Kroger admits that Lawson was terminated for repeated insubordination and failure to comply with the uniform policy. Kroger denies the remaining allegations contained in Paragraph 19(j) of Plaintiff's Amended Complaint.

20.   Kroger denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21.   Kroger denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

8

22.     Kroger denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

## RETALIATION CLAIM OF BRENDA LAWSON

23.     Kroger denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24.     Kroger denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     Kroger incorporates its responses to Paragraphs 13(a)-(j) and 19(a)-(j) of Plaintiff's Amended Complaint.

> a. Kroger denies the allegations contained in Paragraph 25(a) of Plaintiff's Amended Complaint.
>
> b. Kroger denies the allegations contained in Paragraph 25(b) of Plaintiff's Amended Complaint.
>
> c. Kroger denies the allegations contained in Paragraph 25(c) of Plaintiff's Amended Complaint.
>
> d. Kroger denies the allegations contained in Paragraph 25(d) of Plaintiff's Amended Complaint.
>
> e. Kroger denies the allegations contained in Paragraph 25(e) of Plaintiff's Amended Complaint.

26.     Kroger denies the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.     Kroger denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28.     Kroger denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

## STATEMENT OF CLAIMS OF TRUDY RICKERD
## FAILURE TO PROVIDE A RELIGIOUS ACCOMMODATION

29.     Kroger denies the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30.     Kroger denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

a.   Kroger admits that it employed Rickerd as a Sales Associate and File Clerk from October 6, 2006 to May 29, 2019. Kroger denies the remaining allegations contained in Paragraph 30(a) of Plaintiff's Amended Complaint.

b.   Kroger is without knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 30(b) of Plaintiff's Amended Complaint and therefore denies the claims located therein. Kroger is an Equal Opportunity Employer and does not tolerate discrimination or harassment against employees or customers on the basis of sex, gender, sexual identity, sexual orientation or any other protected characteristic.

c.   Kroger denies the allegations contained in Paragraph 30(c) of Plaintiff's Amended Complaint. In recent years, Kroger debuted a new marketing campaign, including a new logo, symbol, slogan, brand color pallet, advertising campaign, and brand identity. The new symbol was designed to represent "Kroger's Promise," and is four layered heart meant to portray a blue heart within a yellow heart, within a red heart, within a light blue heart. *See* Exhibits A-B. As a result of the marketing campaign, in April of 2019, Kroger revised

its dress code to require store associates to wear an apron, which displayed Kroger's Promise symbol on the upper left-hand corner. Exhibit A. Notably, the symbol is not a rainbow and only encompasses four colors. *Id.* The blue background symbolizes Kroger's commitment to friendly and caring service. Exhibit B. The yellow heart symbolizes Kroger's commitment to providing fresh goods to customers. *Id.* The red heart symbolizes Kroger's commitment to uplift in every way. *Id.* The light blue heart symbolizes Kroger's commitment to improving every day. *Id.* Kroger has the right to enact and enforce a uniform policy, which displays its non-religious Promise branding symbol.

d.  Kroger denies the allegations contained in Paragraph 30(d) of Plaintiff's Amended Complaint. Kroger has not used the Promise symbol to endorse, advocate for, or promote the LGBTQ+ community. In fact, Kroger has a specific Kroger PRIDE logo, which is used to display support or advocacy for diversity and inclusion of LGBTQ+ workers. As explained above, Kroger's Promise symbol symbolizes Kroger's commitment to providing friendly and caring service, fresh goods to customers, uplifting service, and improving every day.

e.  Kroger denies the allegations contained in Paragraph 30(e) of Plaintiff's Amended Complaint.

f.  Kroger admits that Rickerd requested to wear a non-uniform apron without the Kroger symbol. Kroger denies the remaining allegations contained in Paragraph 30(f) of Plaintiff's Amended Complaint.

g.  Kroger admits that Rickerd provided a written request to wear an apron without "a rainbow symbol."  Kroger denies the remaining allegations contained in Paragraph 30(g) of Plaintiff's Amended Complaint.

h.  Kroger admits the allegation contained in Paragraph 30(h) of Plaintiff's Amended Complaint.

i.  Kroger denies the allegations contained in Paragraph 30(i) of Plaintiff's Amended Complaint.

j.  Kroger admits that Rickerd was issued oral counseling and progressive discipline in accordance with its established policies and practices for repeatedly violating Kroger's nondiscriminatory uniform policy. Kroger further admits that it respects and protects the rights of all employees to practice their religious beliefs and creeds, and does not require employees to wear, display, promote or endorse the LGBTQ+ community. Kroger denies the remaining allegations contained in Paragraph 30(j).

k.  Kroger admits that it separated Rickerd on May 29, 2019 for repeated insubordination and failure to comply with the uniform policy. Kroger denies the remaining allegations contained in Paragraph 30(k) of Plaintiff's Amended Complaint.

31.  Kroger denies the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32.  Kroger denies the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint.

33.     Kroger denies the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

## DISCIPLINE AND DISCHARGE CLAIM OF RICKERD

34.     Kroger denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35.     Kroger denies the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.     Kroger incorporates its responses to Paragraphs 30(a)-(k) of Plaintiff's Amended Complaint.

   a.  Kroger denies the allegations contained in Paragraph 36(a) of Plaintiff's Amended Complaint.

   b.  Kroger admits that Rickerd communicated her belief that the LGBTQ+ community was inherently sinful.  Kroger denies the remaining allegations contained in Paragraph 36(b) of Plaintiff's Amended Complaint.

   c.  Kroger admits that Rickerd reported her belief that the LGBTQ+ community was inherently sinful to the Human Resources Manager. Kroger denies the remaining allegations contained in Paragraph 36(c) of Plaintiff's Amended Complaint.

   d.  Kroger denies the allegations contained in Paragraph 36(d) of Plaintiff's Amended Complaint. Kroger respects and protects the rights of all employees to practice their religious beliefs and creeds, and does not require employees to wear, display, promote or endorse the LGBTQ+ community.

13

e.  Kroger admits that Rickerd was issued oral counseling and progressive discipline for repeatedly violating Kroger's nondiscriminatory uniform policy. Kroger denies the remaining allegations contained in Paragraph 36(e) of Plaintiff's Amended Complaint.

f.  Kroger admits that Rickerd was suspended in accordance with its established policies and practices after repeated refusals to follow the uniform policy. Kroger denies the remaining allegations contained in Paragraph 36(f) of Plaintiff's Amended Complaint.

g.  Kroger denies the allegations contained in Paragraph 36(g) of Plaintiff's Amended Complaint.

h.  Kroger denies the allegations contained in Paragraph 36(h) of Plaintiff's Amended Complaint.

i.  Kroger admits that Rickerd was terminated for repeated insubordination and failure to comply with the uniform policy. Kroger denies the remaining allegations contained in Paragraph 36(i) of Plaintiff's Amended Complaint.

37.  Kroger denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38.  Kroger denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

39.  Kroger denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

## **RETALIATION CLAIM OF TRUDY RICKERD**

40.     Kroger denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.     Kroger denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42.     Kroger incorporates its responses to Paragraphs 30(a)-(k) and 36(a)-(i) of Plaintiff's Amended Complaint.

> a.   Kroger denies the allegations contained in Paragraph 42(a) of Plaintiff's Amended Complaint.
>
> b.   Kroger denies the allegations contained in Paragraph 42(b) of Plaintiff's Amended Complaint.
>
> c.   Kroger denies the allegations contained in Paragraph 42(c) of Plaintiff's Amended Complaint.
>
> d.   Kroger denies the allegations contained in Paragraph 42(d) of Plaintiff's Amended Complaint.
>
> e.   Kroger denies the allegations contained in Paragraph 42(e) of Plaintiff's Amended Complaint.

43.     Kroger denies the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint.

44.     Kroger denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

45.     Kroger denies the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

**PRAYER FOR RELIEF**

46.     Kroger denies the allegations contained in the PRAYER FOR RELIEF section of Plaintiff's Amended Complaint, including subsections A-I, and denies that Plaintiff is entitled to any relief.

47.      Kroger denies each and every allegation not specifically admitted.

**DEFENSES AND AFFIRMATIVE DEFENSES**

48.     Plaintiff's Amended Complaint and each of its purported causes of action fail to state facts sufficient to constitute a cause or causes of action against Kroger.

49.     One or more of Plaintiff's claims and/or allegations is barred by the applicable statute of limitations.

50.     Plaintiff's Amended Complaint and each of its purported causes of action are barred either in whole or in part by Plaintiff's failure to mitigate its alleged damages.

51.     Plaintiff's Amended Complaint and each of its purported causes of action are barred either in whole or in part by the doctrines of waiver, consent, estoppel, unclean hands, and other equitable bases.

52.     Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

53.     Plaintiff's Amended Complaint fails to state sufficient facts upon which an award of punitive damages can be based and therefore such an award would violate the United States and Arkansas law and public policy.

54.     Plaintiff's claims are barred in whole or in part by its own bad faith conduct.

55.     Plaintiff's claims are subject to offset.

16

56.     Plaintiff's Amended Complaint is barred, in whole or part, because the relief sought exceeds that authorized by law.

57.     Plaintiff lacks a good faith basis for its claims, in whole or in part, entitling Kroger to attorneys' fees, costs and expenses incurred defending this action.

58.     Plaintiff has suffered no damages as a result of the alleged conduct of Kroger.  Any alleged damages suffered by Plaintiff are the result of its own conduct or omissions.

59.     Plaintiff lacks standing to assert one or more of its claims.

60.     Plaintiff's Amended Complaint is barred, in whole or in part, because each action taken by Kroger with regard to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons.

61.     To the extent Plaintiff suffered harassment or improper treatment, if any, Kroger exercised reasonable care to prevent and timely correct any such behavior, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Kroger, or failed to avoid harm otherwise.

62.     To the extent there were complaints about alleged harassment or improper treatment, all actions taken by Kroger were timely and appropriate and constituted prompt, effective remedial measures under the circumstances, and these actions by Kroger bar or preclude the Plaintiff's claims.

64.     Plaintiff has failed to exhaust the grievance and arbitration procedures.

65.     Kroger presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Kroger reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**WHEREFORE,** having fully responded to Plaintiff's Amended Complaint, Kroger respectfully requests the following:

1.   That Plaintiff's Amended Complaint be dismissed in its entirety with prejudice;

2.   That the Court enter a judgment in favor of Kroger, and direct the Plaintiff recover nothing;

3.   That Kroger be awarded its costs and expenses, including attorneys' fees, if appropriate; and

4.   Any and other relief to which Kroger may now or hereafter be entitled.

Respectfully submitted,

Faith C. Whittaker, Admitted Pro Hac Vice
Hayley L. Geiler, Admitted Pro Hac Vice
Attorneys For Defendant
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
T:  (513) 977-8200
F: (513) 977-8141
Faith.whittaker@dinsmore.com
Hayley.geiler@dinsmore.com

Cynthia W. Kolb, AB#2000156
Cross, Gunter, Witherspoon & Galchus,
P.C.
Attorneys For Defendant
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
T: (501) 371-9999
F:  (501)371-0035
Ckolb@cgwg.com

17145730.4