IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF | ) ) | |
| And | ) ) | CASE NO. 4:20-CV-01099 LPR |
| BRENDA LAWSON and TRUDY RICKARD | ) ) | |
| PLAINTIFF INTERVENORS | ) ) | |
| v. | ) ) | |
| KROGER LIMITED PARTNERSHIP I d/b/a KROGER STORE 625 | ) ) ) | |
| DEFENDANT | ) | |

## AGREED PROTECTIVE ORDER

On this 1st day of September, 2021, the Court reviewed the Joint Motion for Protective Order, and for good cause shown makes the following Order:

1. Confidential Information, as defined in this order, and obtained by Plaintiff and/or Plaintiff Intervenors from Defendant in this action or obtained from Plaintiff and/or Plaintiff Intervenors by Defendant or obtained by or on behalf of any third party, shall be used only for the purpose of this litigation and for no other purpose whatsoever and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons, as herein defined.

2. Confidential Information means:

   a) Salary or other pay information, time records, personnel records, medical records, training materials, corporate policies or records not available to the

        general public, trade secrets, and other information the confidentiality or privacy of which is protected by statute or other law.

    b)    Notwithstanding the foregoing, Confidential Information shall not include information that is publicly known or publicly available prior to being disclosed, furnished or submitted in this litigation. Counsel shall not use the confidentiality designation except where counsel has a good faith belief that the documentation/information meets the criteria of this paragraph and is consistent with the intent of this Order. For example, and without limitation, counsel shall not use the confidential designation for tactical purposes, or otherwise to gain advantage in this litigation or to conceal or encumber non-sensitive information.

3.    Except with the prior written consent of Defendant, Plaintiff and/or Plaintiff Intervenors, or pursuant to further Orders of this Court on motion with notice to counsel for Defendant, Plaintiff and/or Plaintiff Intervenors, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Court, court personnel, Plaintiff, Plaintiff Intervenors, Defendant, any current or future counsel of record for Defendant, Plaintiff, and/or Plaintiff Intervenors in this action, and secretaries, paraprofessional assistants, experts, court reporters, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action.

4.    If and to the extent the parties disagree on whether a document contains Confidential Information, a discovery motion must not be filed until counsel has made a good faith effort to resolve the discovery dispute. Upon the filing of such motion, a response should be filed

promptly. A conference call will be scheduled to resolve such matters if the Court deems it necessary.

    5.    At the conclusion of this action, including all appeals:

        a)    Upon request by a party, Plaintiff Intervenors and Defendant (or their counsel) shall take all reasonable steps necessary to reclaim all Confidential Information, including correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

        b)    Plaintiff will destroy all confidential information at the end of the designated time period required by statute.

        c)    All Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

    6.    This Order, insofar as it restricts the disclosure in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation for one year. Notwithstanding, this Order's restrictions on the disclosure in any way and use of Confidential Information by Plaintiff shall continue to be binding until Plaintiff's destruction of the Confidential Information at the end of the designated time period required by statute or for five years following the conclusion of this litigation.

    7.    Fourteen days before filing any document(s) designated as containing Confidential Information, the filing party shall notify the other parties of their intention to file the document(s). The Parties shall meet and confer in good faith as to whether the document(s) contain Confidential Information and if the document(s) can be practicably be redacted to protect the Confidential Information. Before filing, the parties should redact any Confidential Information if practicable. If redaction is impractical or there is a dispute regarding whether the information is Confidential, the

party seeking protection will file a Motion to Seal the document(s) within ten days of receiving notice of the anticipated filing from the filing party. Only the Court, Court personnel, Plaintiff, Plaintiff Intervenor, Defendant, and their counsel, if any, shall have access to the sealed record in this proceeding until further Order of this Court. Until the Court rules on the Motion to Seal, the filing party shall not file the document(s) containing Confidential Information publically.

8.   This order does not apply to testimony given or exhibits used at trial.  If a party wishes for Confidential Information mentioned or used in trial to be shielded from the public (at trial or in the trial record), the party desiring such treatment must make a motion closer to trial.

It is so ordered.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE