IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF | ) ) | |
| And | ) ) | CASE NO. 4:20-CV-01099 LPR |
| BRENDA LAWSON and TRUDY RICKARD | ) ) ) | |
| PLAINTIFF INTERVENORS | ) ) | |
| v. | ) ) | |
| KROGER LIMITED PARTNERSHIP I d/b/a KROGER STORE NO. 625, | ) ) ) | |
| DEFENDANT. | ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Equal Employment Opportunity Commission (Commission) requests this Court grant its Motion for Summary Judgment on the Commission's claims for religious discrimination: failure to accommodate; discharge, and retaliation. The facts show that Defendant Kroger Limited Partnership I d/b/a Kroger Store No. 625 (Kroger) failed to accommodate the sincerely held religious beliefs of Brenda Lawson and Trudy Rickard and then discharged them in retaliation for their complaints in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.[1]

Kroger has not asserted as a defense that it was unable to reasonably accommodate the religious beliefs of Brenda Lawson and Trudy Rickerd without undue hardship on its business.

---

[1] All exhibits referenced in Plaintiff's Undisputed Facts and Memorandum in Support are attached to this Motion.

Because the Commission meets the elements for a *prima facie* case of religious discrimination and because Kroger cannot show that it was unable to reasonably accommodate their religious belief without undue hardship on the conduct of Kroger's business, this Court should grant summary judgment in the Commission's favor.

Further, as to the Commission claim of retaliation on behalf of Brenda Lawson and Trudy Rickerd, the evidence shows that Kroger only disciplined and discharged Lawson and Rickerd for their complaints and for their refusal to wear the apron with the multi-colored heart emblem, all the while not disciplining others who complained and refused to wear the apron.

1. The Commission filed its Complaint on September 14, 2020, alleging violations of Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 when Kroger failed to accommodate the sincerely held religious beliefs of Brenda Lawson and Trudy Rickerd and then terminated their employment in retaliation for their complaints.

2. Intervenors Lawson and Rickerd filed their Complaint in Intervention on October 8, 2020.

3. The Commission filed an Amended Complaint on June 15, 2021, to correct Defendant's name.

4. Kroger adopted a new dress code in April of 2019 that required employees wear an apron with a multicolored heart emblem.

5. Lawson and Rickerd believed the multicolored heart emblem represented the LGBTQ rainbow flag and showed support for the LGBTQ community which violated their religious beliefs.

6. Lawson and Rickerd requested a religious accommodation from Kroger orally and in writing with regard to the wearing of the apron.

7. Kroger denied Lawson's and Rickerd's requests for a religious accommodation and proceeded to discipline the women for their failure to follow Kroger's dress code with regard to the wearing of the apron with the multicolored heart emblem.

8. Kroger discharged Lawson and Rickerd for repeated violations of its dress code, the dress code that required Lawson and Rickerd to wear the apron that violated their religious beliefs.

9. Kroger did not discipline or discharge other Kroger associates at Kroger Store 625 who complained about Kroger's apron and who violated the dress code with regard to the apron.

Because Kroger made the Brenda Lawson's and Trudy Rickerd's religious beliefs the motivating factor in the reason for the discharge and for the reasons listed above and discussed in the Commission's Memorandum in Support of its Motion, the Commission requests the Court grant its motion for summary judgment. The Commission submits contemporaneously a memorandum in support of the motion and a statement of undisputed material facts as required by Local Rule 56.1 of the E.D. of Arkansas.

    Respectfully Submitted,

    **CHRISTOPER LAGE**
    Deputy General Counsel

    **GWENDOLYN YOUNG REAMS**
    Associate General Counsel

    */s/Faye A. Williams*____
    FAYE A. WILLIAMS
    Regional Attorney

    */s/Amy F. Black*_____
    AMY F. BLACK
    Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 685-4609
Telephone (901) 685-4606
faye.williams@eeoc.gov
amy.black@eeoc.gov

*/s/ Pamela B. Dixon*
PAMELA DIXON
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
pamela.dixon@eeoc.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document was filed electronically this date.

David Hogue
**Hogue Legal Services PLC**
575b Harkrider Ave.
Conway, AR 72032
T: (501) 514-0332
dh@hoguelegalservices.com

Faith C. Whittaker
Hayley L. Geiler
**Dinsmore & Shohl LLP**
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
T:  (513) 977-8200
Faith.whittaker@dinsmore.com
hayley.geiler@dinsmore.com

Cynthia W. Kolb
**Cross, Gunter, Witherspoon & Galchus, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
T: (501) 371-9999
ckolb@cgwg.com

| | |
|---|---|
| January 18, 2022 | */s/* Pamela B. Dixon |
| Date | **PAMELA B. DIXON** |