IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) PLAINTIFF ) ) And ) ) BRENDA LAWSON and TRUDY RICKARD ) ) PLAINTIFF INTERVENORS ) ) v. ) ) KROGER LIMITED PARTNERSHIP I ) d/b/a KROGER STORE NO. 625, ) ) DEFENDANT. ) | CASE NO. 4:20-CV-01099 LPR |

### INTERVENOR'S RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Intervenors Brenda Lawson and Trudy Rickard respond to the motions for summary judgment recently filed as set forth below.

1. The Intervenors specifically adopt and incorporate the Motion for Summary Judgment, Statement of Material Facts, and Memorandum in Support of Motion for Summary Judgment filed by the EEOC.

2. Further, the Intervenors adopt and incorporate the Commission's Response to the Defendant's Motion for Summary Judgment, its Response to the Defendant's Statement of Material Facts, and its Response to the Defendant's Memorandum of Law in Support of its Motion for Summary Judgment.

### MEMORANDUM

The parties' Statements of Material Fact have established that:

a. Ms. Rickerd and Ms. Lawson worked at Kroger;

b. Kroger was and is a supporter of LGBTQ+ rights;

c. Kroger required its employees to wear an apron with a logo similar to the various LGBTQ+ logos.

d. Both Ms. Lawson and Ms. Rickerd objected to wearing the apron, because of their sincerely held religious beliefs.

e. They made these objections known to Kroger, and requested simple, nonburdensome accommodations, such as moving their own nametags.

f. Kroger refused to accommodate and instead terminated the employees after a series of write ups.

g. Kroger did not terminate other employees who refused to wear the apron correctly, but who did not file grievances.

Kroger has now submitted pages on end of "material facts," some of which are undisputed and most of which are not actually material. They claim that this is not a "religious belief" case but a case about two people's simple secular preferences; they claim they Kroger has a right to free speech and that extends to the uniforms worn by their employees, apparently whether those uniforms violate the employees rights of conscience or religion or not.  They claim that moving a name tag is "unduly burdensome" on a multi million dollar corporation because it would create dissonance in the ranks.

Aside from the well known *Citizens United* case, which does not stretch as far as Kroger wants it to, (to require employees' speech in violation of their religious liberties) the first case cited by Kroger is *Bhatia v. Chevron,* to establish the applicable rule of law. Actually, the applicable rule of law is more clearly explained in the EEOC memo, taking the Court to the language of Title

2

VII, appropriately. *Bhatia*, on the other hand, is presented by Kroger as an 8th circuit case instead of the west coast (9th circuit) case it truly is, and although it states the standard, it is worth mentioning that *Bhatia* is about a safety issue touching religion, and so is easily distinguishable from the case at bar, where Kroger has no compelling reason such as safety to deny the accommodation.

Kroger next goes on at length in its Memo in an effort to convince the Court that the multi-colored heart on the apron is a neutral symbol, therefore Ms. Lawson and Ms. Rickerd's behavior is not religiously motivated. (Def. Memo pg 11) This is an exercise in logical gymnastics. Even Kroger recognizes the Intervenors' sincerity in their religious belief that homosexuality is a sin and not to be endorsed. The similarity between the "Our Promise" symbol and the various LGBTQ+ symbols cannot be denied, and to maintain that it is a neutral symbol that shouldn't be interpreted a particular way is amazing indeed. The facts are that it closely resembles existing symbols (LGBTQ+), and except for language printed inside the apron where no one but the employee can see it, it doesn't particularly bring to mind anything EXCEPT LGBTQ+. There is nothing neutral about it, especially considering its design by an LGBTQ active corporation. Finally, Kroger points out that the logo does not have all the colors of the rainbow, in the correct order, which of course has no bearing on anything, given the fact that many LGBTQ sympbols don't either.

Ms. Lawson and Ms. Rickerd made clear their sincerely held religious belief that they should not wear the logo, and instead of simply allowing them to put a nametag over, Kroger made an issue of it, garnering the attention of the corporation and the other employees, and now wants to complain that the storm caused by the failure to accommodate is the undue hardship. They created it themselves, though, by failing to accommodate sincerely held religious beliefs! When

the "undue hardship" is the product of the denial rather than the request, it should not be held against the Plaintiff Intervenors. On this point, Kroger finally states that "Kroger only requested that Lawson wear the neutral symbol, which in no way conflicted with her religious beliefs." Def Memo pg 17. Firstly, Kroger didn't simply "request" anything. Secondly the symbol is not neutral by any stretch of the imagination, and finally, Kroger doesn't get to say what does or does not conflict with anyone's religious beliefs. If there was no conflict, Ms. Lawson and Ms. Rickerd would still be employed. But there was, and Kroger was advised accordingly, and failed to accommodate, and the fired the two people who stood up for themselves.

For the second point in their Memo, Kroger introduces a brand new standard: the well articulated basis standard. Although there is nothing in the law – nor should there be – that a Plaintiff must articulate the basis and nexus of their religious beliefs to the Defendant's satisfaction, Kroger spends pages arguing this point, and going further to mock those same beliefs as "subjective" and "nonsensical." Kroger's condescending corporate opinion of these two ladies' religious convictions is why they are now having to defend themselves against a federal agency in federal court, and it is misplaced and out of order.

Thirdly, Kroger waxes eloquent regarding the "undue hardship" brought on by their own failure to accommodate. If Kroger had simply and quietly allowed the movement of two nametags, there would have been no cost, no impositions, no employee dissonance, no nothing. AN accommodation would not have affected Kroger's overall branding, free speech or public image so much as it would have kept two ladies' consciences free from the burden of representing something they could not condone. The apron, worn by some and not by others anyway, had no consistency to begin with, had no consistent enforcement throughout, and failed to relate any particular message other than maybe "LGBTQ+ is ok with me." Any financial costs were certainly

not the result of an accommodation that never happened anyway, but was the result of their own refusal to accommodate sincerely held religious beliefs that they preferred to mock than to accommodate.

As stated in the Memo filed by the EEOC, grieving a discriminatory practice is a protected activity. Kroger did not terminate employees just for failing to wear the apron. Kroger did not terminate employees for marking on the logo. Kroger only terminated the employees who filed the grievances and claimed a sincerely held religious belief. And the termination came after the notice was given.

These facts – the material facts – are undisputed. The applicable law is outlined well in the EEOC memorandum. An application of the applicable law to the material facts will result in judgment for the Plaintiffs, and that is respectfully requested.

Respectfully Submitted,

*/s/David Hogue*_____
David Hogue, for the Intervenors
Hogue Legal Services, PLC
575B Harkrider
Conway, AR 72032
Telephone (501) 514-0332

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was filed and served electronically this date to the following.

Pamela Dixon
**Equal Employment Opportunity Commission**
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
pamela.dixon@eeoc.gov

Faith C. Whittaker
Hayley L. Geiler

5

**Dinsmore & Shohl LLP**
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
T:  (513) 977-8200
Faith.whittaker@dinsmore.com
hayley.geiler@dinsmore.com

Cynthia W. Kolb
**Cross, Gunter, Witherspoon & Galchus, P.C.**
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
T: (501) 371-9999
ckolb@cgwg.com


| February 16, 2022 | /*s*/ David Hogue_____ |
|---|---|
| Date | **David Hogue** |