# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PLAINTIFF** |
| **BRENDA LAWSON and TRUDY RICKERD** | **PLAINTIFF-INTERVENORS** |
| v. Case No. 4:20-CV-1099-LPR | |
| **KROGER LIMITED PARTNERSHIP I d/b/a KROGER STORE NO. 625** | **DEFENDANT** |

## ORDER

This is a religious discrimination case under Title VII of the Civil Rights Act of 1964. Kroger's employee dress code requires most of its employees to wear an apron that prominently features a multi-colored heart symbol. Brenda Lawson and Trudy Rickerd felt that the multi-colored heart symbol supported and promoted the LGBTQ community. They both have sincerely held religious beliefs that homosexuality is a sin and that they cannot support or promote it. So they asked Kroger to accommodate their beliefs by exempting them from the requirement to display the multi-colored heart symbol on their person. Kroger tried to explain to Ms. Lawson and Ms. Rickerd that the multi-colored heart symbol was not related to the LGBTQ community. But these efforts were unsuccessful: Both employees maintained their requests for accommodations. Kroger denied the requested accommodations and fired Ms. Lawson and Ms. Rickerd after they refused to follow the dress code. The Equal Employment Opportunity Commission then brought this suit against Kroger. Ms. Lawson and Ms. Rickerd intervened as plaintiffs. The Court denied cross-motions for summary judgment on the religious discrimination claim, and the case is set for trial in December.

The parties, in an effort to avoid trial and efficiently resolve this litigation, have submitted a Consent Decree to the Court.  The Consent Decree will be filed separately, but the Court briefly summarizes the Decree's important provisions as follows.  The Decree requires Kroger to (1) provide reasonable accommodations to employees who have sincere religious objections to Kroger's dress code, (2) create a religious accommodation policy and train employees on that policy, and (3) pay $180,000 in full and final settlement of the claims brought by the EEOC and Intervenors.  Kroger is agreeing to shoulder these burdens even though it maintains that it did not actually commit any Title VII violations.

The Court has some concerns with this use of its judicial authority.  Kroger has not admitted to violating the law.  And there has been no finding by this Court or a jury that Kroger violated the law.  Yet, the Consent Decree will have the same effect as a final judgment: Kroger must pay money, change its business practices, and subject itself to a federal court's contempt power.  That raises (or at least should raise) red flags.  When all parties agree as to the outcome of a case, what controversy is left for the Court to adjudicate?[1]  Furthermore, what is the justification for a federal court ordering a defendant to pay money or change its business practices absent a finding or admission of liability?  The justifications provided by caselaw don't provide much comfort here.[2] In short, it is far from clear that simply entering a consent decree and waiting on standby to potentially resolve issues that arise from the performance of that decree should be considered a

---

[1] *See generally* Michael T. Morley, *Consent of the Governed or Consent of the Government? The Problems with Consent Decrees in Government-Defendant Cases*, 16 U. Pa. J. Const. L. 637, 657–73 (2014).

[2] *See Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) ("[I]n addition to the law which forms the basis of the claim, the parties' consent animates the legal force of a consent decree."); *Donaghy v. City of Omaha*, 933 F.2d 1448, 1460 (8th Cir. 1991) (holding that a consent decree was "remedial" even though "the consent decree contain[ed] a formal disclaimer of liability" because "little weight can be given to disclaimers of this nature").

valid exercise of the Article III judicial power.[3]  It is commendable that the parties have worked together and amicably resolved their differences.  But this Court's strong preference remains that such amicable resolutions come in the form of private settlements, not consent decrees.

Nevertheless, the Court will approve the Consent Decree.  Binding precedent is clear that consent decrees are allowed (and perhaps even encouraged), notwithstanding the genuine Article III concerns they raise.  Consent Decrees are permissible so long as they (1) "resolve a dispute within the court's subject-matter jurisdiction," (2) "come within the general scope of the case made by the pleadings," (3) "further the objectives of the law upon which the complaint was based," and (4) do not require the parties "to take action that conflicts with or violates the statute upon which the complaint was based."[4]  Here, the Consent Decree checks all the necessary boxes.  It resolves a Title VII religious discrimination claim, which is "a dispute within the Court's subject-matter jurisdiction."[5]  The Decree falls "within the general scope of the case made by the pleadings" by affording relief sought in the EEOC's and Intervenors' complaints.[6]  It "further[s] the objectives of" Title VII by remedying (seriously alleged) past discrimination and initiating changes to the practices that caused such (seriously alleged) discrimination.[7]  And the Decree does not require any party to "take action that conflicts with or violates" Title VII.[8]  Accordingly, the Court concludes that the Decree is fair, reasonable, adequate, and "formulated to protect federal

---

[3] *Cf. Vermont v. New York*, 417 U.S. 270 (1974).

[4] *Int'l Ass'n of Firefighters*, 478 U.S. at 525–26 (alteration adopted) (citations omitted); *see also EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1173 (8th Cir. 2012).

[5] *Int'l Ass'n of Firefighters*, 478 U.S. at 525.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 526.

interests."[9] So refusing to enter the Consent Decree would be an abuse of discretion under current precedent.

For the reasons stated above, the Court approves, and will file by separate entry, the Consent Decree.

IT IS SO ORDERED this 26th day of October 2022.

                              _____
                              LEE P. RUDOFSKY
                              UNITED STATES DISTRICT JUDGE

---

[9] *Prod. Fabricators, Inc.*, 666 F.3d at 1173.