IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| PLAINTIFF | ) ) | |
| and | ) ) | CASE NO. 4:20-CV-01099 LPR |
| BRENDA LAWSON and TRUDY RICKERD | ) ) | |
| PLAINTIFF INTERVENORS | ) ) | |
| v. | ) ) | |
| KROGER LIMITED PARTNERSHIP I d/b/a KROGER STORE NO. 625, | ) ) ) | |
| DEFENDANT. | ) | |

---

## CONSENT DECREE

---

Plaintiff Equal Employment Opportunity Commission (Commission), Plaintiff-Intervenors Brenda Lawson and Trudy Rickerd (Lawson and Rickerd or Plaintiff-Intervenors), and Defendant Kroger Limited Partnership I d/b/a Kroger Store No. 625 (Kroger) enter into this Consent Decree (Decree) to resolve this case.

The Commission filed this lawsuit on September 14, 2020, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., (Title VII) and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to remedy alleged unlawful employment practices.

This Decree does not constitute a finding on the merits of the case. The Commission, Lawson, Rickerd, and Kroger have consented to entry of this Decree to avoid the expense and other burdens that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Kroger about the matters referred to herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. If the Court does not approve this Decree, the parties agree not to admit it in evidence in any subsequent proceeding in this lawsuit.

## FINDINGS

After examining the terms of this Decree and based on the pleadings, record, and stipulations of the parties, the Court finds:

a.      This Court has jurisdiction of the subject matter of this action and the parties.

b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the Commission, Lawson, Rickerd, Kroger, and the public interest.

c.      This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not diminish the rights or privileges of any person. The entry of this Decree furthers the objectives of Title VII and appears in the best interests of the parties and the public. It is hereby **ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

1.      The United States Court for the Eastern District of Arkansas, Central Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for enforcement.

2.      No party may contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement if Kroger breaches any of the terms of this Decree.

## II.  SCOPE AND DURATION OF THIS DECREE

3.      This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 4:20-CV-01099-LPR (alleging unlawful employment practices by Kroger based on Charge No. 493-2019-00261 filed by Brenda Lawson and Charge No. 493-2019-00256 filed by Trudy Rickerd) that remain after the Court entered its Order on the parties' summary judgment motions. *See* Order, Document No. 60, dtd. June 23, 2022.  Despite any provisions in this Decree, this Agreement shall not be considered in any way to resolve any charges pending before any office of the Commission other than Charge Nos. 493-2019-00261 and 493-2019-00256.

4.      Upon the date the Court enters the Decree, the provisions of this Decree become effective and binding on the parties here for two years after the effective date of this Decree.

## III.  EMPLOYMENT PRACTICES

5.      Kroger Delta Division, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with it shall provide reasonable accommodation to an employee for his or her sincerely held religious beliefs about Kroger's dress code policy.

6.      Kroger Delta Division, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with it shall continue to not retaliate against any employee for complaining about Kroger's failure to provide a religious accommodation for his or her sincerely held religious beliefs.

7.      Kroger Delta Division, its supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with it shall not discriminate against any employee because of his or her sincerely held religious beliefs.

## IV.  POLICY SUPPORTING RELIGIOUS ACCOMMODATION

8.      Kroger Delta Division will create a Religious Accommodation Policy. The policy shall include information about the process and method for requesting the accommodation, a time frame for Kroger's response to the request, a statement that Kroger will review each request case-by-case and grant the request absent undue hardship.

9.      Kroger Delta Division will post the Policy referenced above at Store 625 in Conway, Arkansas, with a cover letter from its Human Resources Director, emphasizing Kroger's commitment to providing a workplace free from unlawful discrimination, specifically religious discrimination.

10.     At the next revision of Kroger Delta Division handbook for Store 625, Kroger will include the policy in the newly revised handbook.

## V.  TRAINING

11.     Kroger Delta Division will provide a training session about religious discrimination under Title VII, with an emphasis on reasonable religious accommodations to all store level management at Store 625 and all district and division human resources personnel. Kroger will conduct the training within 270 days after the entry of this Decree.

12.     Kroger will conduct the initial training in-person, Covid-19 restrictions and safety protocols permitting.

13.     An attorney or other Company representative with at least five years of employment law experience will conduct the training and will speak about Kroger's religious

discrimination and reasonable accommodation policies and the legal consequences faced by companies that discriminate based on religion or fail to provide a reasonable religious accommodation. The trainer will also explain that the failure of any member of management to report complaints or incidents of religious discrimination could lead to termination.

14.    Kroger will require all attendees to sign and date an attendance form verifying attendance at the training sessions. The training will include, but not necessarily be limited to, the following:

(a)    The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991;

(b)    What constitutes a reasonable religious accommodation;

(c)    How to prevent, identify, and remedy religious discrimination;

(d)    Kroger Delta Division's policy about religious accommodations, including the implementation of the Religious Accommodation Policy, and the procedures and responsibilities for requesting and providing a religious accommodation;

(e)    All attendees will sign a roster pointing to their attendance at the training.

## VI.  INDIVIDUAL RELIEF

15.    Kroger will pay $180,000 in full and final settlement of the claims brought under the Commission's Complaint and Plaintiff-Intervenors' Complaint.

16.    Kroger will issue Lawson and Rickerd a W-2 form for the back-pay amount of $20,000 each. Kroger shall withhold all applicable taxes and deductions from the back-pay amount paid to Lawson.

17.    Kroger will issue a 1099 form to Lawson and Rickerd for $52,000 each.

18.     Within 30 business days of the entry of this Decree by the Court, Kroger shall mail checks, via certified mail, to Lawson and Rickerd at the address provided by the Commission. Concurrently, Kroger will email copies of the checks and related correspondence to the Commission at mdoconsentdecreecompliance@eeoc.gov. Kroger will issue the checks to Lawson and David Hogue and to Rickerd and David Hogue.

19.     Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

20.     Kroger shall supply a neutral reference in response to any inquiries or reference checks about Rickerd's and Lawson's employment with Kroger. Kroger will provide a reference much like the Sample Reference attached as Exhibit A. Kroger shall not mention the charge of discrimination or this litigation as part of the neutral reference. This provision shall remain in force as long as Rickerd and Lawson continue to use Kroger as a reference and is not limited to the duration of this Decree.

## VII.  MONITORING

21.     The Commission will have the right to monitor and review compliance with this Decree. The Commission will have the right to:

(a)     review any documents required by this Decree;

(b)     receive confirmation of completed training, along with a list of attendees.

## VIII.  ENFORCEMENT

22.     If Kroger violates the terms of this Decree, the Commission has a right to enforce the obligations under this Decree. The Commission will provide 10 days' notice to Kroger of any deficiency in complying with the terms of this Decree. If the parties cannot agree on resolution

of any such deficiency in Kroger's compliance with the terms of this Decree, the Commission will then petition the Court for relief.

## IX.  MISCELLANEOUS PROVISIONS

23.     Plaintiff and Kroger shall bear their own costs, attorney fees, and expenses in this lawsuit.

24.     If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the rest of the Decree will remain in effect.

25.     When this Decree requires a certification by Kroger of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Kroger.

26.     When this Decree requires the submission by Kroger of reports, certifications, notices, or other materials to the Commission, they will be emailed to mdoconsentdecreecompliance@eeoc.gov.

IT IS SO ORDERED this 26th day of October 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

APPROVED BY THE PARTIES:

**FOR THE COMMISSION:**

**Gwendolyn Young Reams**
Acting General Counsel

**Christopher Lage**
Deputy General Counsel

*/s/ Faye A. Williams*
Faye A. Williams
Regional Attorney


*/s/ Amy F. Black*
Amy F. Black
Assistant Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 685-4609
Telephone (901) 685-4606
faye.williams@eeoc.gov
amy.black@eeoc.gov

*/s/ Pamela B. Dixon*
Pamela B. Dixon
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
pamela.dixon@eeoc.gov

**FOR PLAINTIFF-INTERVENORS**

*/s/ David Hogue*
David Hogue
**Hogue, Corbitt, & Ward**
700 S. German Lane, Suite 104
Conway, AR 72032
Telephone: (501) 255-0112
dh@hoguecorbittward.com


**FOR DEFENDANT:**

*/s/ Faith C. Whitaker*
Faith C. Whittaker

*/s/ Hayley L. Clancy*
Hayley L. Clancy

**Dinsmore & Shohl LLP**
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone:  (513) 977-8200
Faith.whittaker@dinsmore.com
Hayley.clancy@dinsmore.com

EXHIBIT A

SAMPLE LETTER OF REFERENCE

To Whom It May Concern:

This letter responds to your inquiry about the employment of Trudy Rickerd while employed at Kroger Store 625 in Conway, Arkansas. Company policy only allows us to provide the dates of employment and position held in response to any employment inquiry.

Kroger Store 625 employed Ms. Rickerd as a _____ from _____ to _____ (dates of employment). I am confident that Ms. Rickerd can provide you with more details about her tenure with the company. I hope this information is helpful and that it satisfactorily answers your inquiry.

Sincerely,



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR  72201
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Little Rock Direct Dial:  (501) 900-6130
FAX (501) 324-5991
Website:  www.eeoc.gov

EXHIBIT B

## <u>NOTICE TO ALL EMPLOYEES</u>

Kroger posts this Notice to all employees as required by a Consent Decree entered into between Kroger Delta Division and the Equal Employment Opportunity Commission as part of the settlement of a lawsuit, Civil Action No. 4:20-cv-01099, filed in the United States District Court of the Eastern District of Arkansas, Central Division. The Consent Decree provides for the payment of money damages to two former employees whom the Commission alleged Kroger subjected to religious discrimination.

Discrimination based on religion, including denial of a religious accommodation, violates Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability about terms and conditions of employment. It is also unlawful under Title VII to retaliate against any employee who opposes a practice made unlawful under federal law or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

Kroger Store #625 will not tolerate or condone religious discrimination against any employee or applicant for employment. Religious discrimination violates company policy as well as federal law. Violation of this company policy will result in disciplinary action up to termination.

If you believe you have been discriminated against in violation of federal law, you have the right to seek assistance from:

Kroger Human Resources or Ethics Hotline or

Equal Employment Opportunity Commission
Website:       www.eeoc.gov

This Notice will remain posted for two years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____                    _____
Date                                              The Kroger Co.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**